UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER HARRIS,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN FAMILY INSURANCE, *et al.*,<br><br>　　　　　　　Defendants. | Cause No. C23-1052RSL<br><br>ORDER |

　　　　On August 1, 2023, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The Court reviewed the complaint and determined that plaintiff had failed to allege facts sufficient to establish the Court's jurisdiction: plaintiff had not alleged a federal cause of action, identified the citizenship of the parties, or raised a plausible inference that the amount in controversy exceeds $ 75,000. Plaintiff was ordered to show cause, on or before August 23, 2023, why this matter should not be dismissed. No response or amended complaint was filed by the deadline, and the above-captioned matter was dismissed.

　　　　On August 30, 2023, plaintiff requested an extension of time in which to respond to the Order to Show Cause, asserting that he was incarcerated with no access to a law library or computer. Dkt. #13. He did not, however, explain how the lack of legal research capabilities prevented him from alleging facts that would establish this Court's jurisdiction, nor did he indicate how much time he would need to respond to the Order to Show Cause. He was given

ORDER - 1

fourteen days in which to provide that information.

This matter is again before the Court on plaintiff's "Motion: Requesting the Court Accept the Documentation [Plaintiff] Previously Sent to Courts," Dkt. #15, a request for appointment of legal counsel, Dkt #17, a motion to add defendants and further response to the Order to Show Cause, Dkt. #18, and a request that the Court transfer this matter to state court if federal jurisdiction is lacking, Dkt. # 19. Plaintiff has already named Scott Farrand and Barbara Farrand as defendants in this case, Dkt. # 8, and the Court has not only considered, but deemed true, the evidence of injury filed with the complaint, Dkt. #2. Nevertheless, plaintiff's submissions confirm that the Court lacks the power to hear this case.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law . . . and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties . . . ." These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Plaintiff has not asserted a federal claim or, as far as the Court can tell, alleged facts which could support such a claim. Plaintiff affirmatively asserts that he and two of the named defendants are citizens of Washington, thereby precluding any possibility of diversity jurisdiction.

With regards to plaintiff's request for appointment of counsel:

> Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the

ORDER - 2

petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Where a litigant cannot succeed on the merits because the Court lacks jurisdiction over the dispute, he cannot establish the sort of exceptional circumstances that would justify appointment of counsel at the public's expense.

Finally, this Court lacks the power to transfer this matter, which was originally filed in federal court, to a state court. There is no federal statute or rule which authorizes a district court to remand or transfer a case to a state court in these circumstances. *See* Rule 12(h)(3), Fed. R. Civ. P. ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Christie v. Abdo*, No. CV-12-931-PHX-LOA, 2012 WL 1768094, at *1 (D. Ariz. May 17, 2012); *Bradgate Associates, Inc. v. Fellows, Read & Associates*, 999 F.2d 745, 749 (3rd Cir. 1993). In contrast, when the court lacks jurisdiction to entertain a case that was originally filed in state court and removed to federal court, 28 U.S.C. § 1447(c) requires it to remand the case to the court from which it was removed. The only other potentially relevant statute, 28 U.S.C. § 1631, authorizes the transfer of claims between federal courts in some circumstances. *Hadley v. Haw. Gov't Employees' Ass'n*, 281 Fed. Appx. 683, * 1 (9th Cir. 2008); *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995). Neither § 1447(c) nor § 1631 authorize a transfer to state court in this case.

For all of the foregoing reasons, the Court grants plaintiff's request that it consider the documents provided with the complaint. Dkt. #15. The Court denies plaintiff's motion for appointment of counsel, Dkt #17, and the request for transfer to state court, Dkt. # 19. The Court

ORDER - 3

denies the motion to add defendants as moot, Dkt. #18. Having reviewed all of the information provided, the Court finds that it lacks the power to hear this case. Plaintiff's claims are DISMISSED without prejudice.

Dated this 5th day of October, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 4